JUDGE PAULEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAY SCHIFF,<br><br>                    Plaintiff,<br><br>         v.<br><br>ZM EQUITY PARTNERS, LLC, CENTRE LANE PARTNERS, LLC, QUINN MORGAN, and 10TH LANE PARTNERS, LLC,<br><br>                    Defendants. | <br>19 CV 04735<br><br>[Removal from Supreme Court of New York, County of New York, Case No. 651469/2019]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)** |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant Quinn Morgan ("Morgan") by and through his attorneys, Thompson Hine LLP, hereby removes the above-entitled action from the Supreme Court of the State of New York, County of New York (the "State Court") to this United States District Court for the Southern District of New York, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332 and 1441.  Morgan believes that all of Plaintiff's claims are without merit, and will dispute them at the appropriate time, but in support of his Notice of Removal, Morgan states as follows:

**BACKGROUND FACTS AND PROCEDURAL STATUS**

1.      On or about March 11, 2019, Plaintiff Jay Schiff ("Plaintiff") filed a Complaint in the State Court, Index No. 651469/2019, entitled *Jay Schiff v. ZM Equity Partners, LLC, Centre Lane Partners, LLC, Quinn Morgan, and 10th Lane Partners, LLC* (the "State Court Action").

2.      Morgan accepted service of process of the Complaint on April 22, 2019 through his counsel and pursuant to a Stipulation with Plaintiff's counsel.  Morgan's time to answer is May 23, 2019 pursuant to said Stipulation.

3. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all of the process, pleadings, orders, and documents from the State Court Action which have been served upon Morgan are being filed with this Notice of Removal collectively as Exhibit A.[1]

4. The Summons and Complaint in the State Court Action was also served on defendants ZM Equity Partners, LLC ("ZM Equity Partners") a dissolved Delaware Limited Liability Company, Centre Lane Partners, LLC ("CLP") and 10th Lane Partners, LLC ("10th Lane" together with CLP, the "Entity Defendants").

5. Morgan's Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b), which provides that such Notices "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

6. Pursuant to Fed. R. Civ. P. 81(c)(2), defendants must answer or otherwise plead in response to the Complaint within 21 days after receiving a copy of the Complaint or within 7 days after the notice of removal is filed, whichever is later.

7. On May 22, 2019, Morgan timely filed this Notice of Removal. Therefore, defendants must answer or otherwise plead in response to the Complaint by May 29, 2019.

8. In accordance with 28 U.S.C. § 1446(d), Morgan has given contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court by filing notice of this removal with the State Court.

---

[1] Pursuant to a State Court Order, dated May 14, 2019 (the "State Court Order and Decision"), the Complaint and exhibit numbers 1, 3 and 9, were removed from the New York Supreme Court Electronic Filing system. The State Court Order and Decision confirmed that Plaintiff "takes no position on the [m]otion to [r]edact and [s]eal, because he has no interest in the relief requested ...." (Doc. 35 at ¶ 3.) The Court held that "good cause exists to redact" certain portions of the Complaint and exhibits 1, 3, and 9 NYSCEF Nos. 2, 3, 5, and 11, ordered that such documents be sealed, and directed the parties, Plaintiff, Centre Lane Partners, LLC and 10th Lane Partners, LLC, in the State Court Order and Decision to "re-file NYSCEF Doc. Nos. 2, 3, 5 and 11 in redacted form within 10 days", to wit, May 24, 2019.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

9. The instant action may be removed to this Court by Morgan pursuant to the provisions of 28 U.S.C. §1441(b).

10. As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

11. The minimum diversity requirement of 28 U.S.C. § 1332(a) is met in this case, as Plaintiff is a citizen of a state different from Morgan, ZM Equity and the Entity Defendants. *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("defendant [...] is a limited liability company that takes the citizenship of each of its members"), as described below:

### Plaintiff Andrew Schiff

12. Plaintiff alleges that he is a natural person residing in New York, New York (Compl. ¶ 19), and is therefore a New York citizen.

### Defendant Quinn Morgan

13. Morgan is a citizen and resident of the State of Florida. *See* Declaration of Quinn Morgan, dated May 21, 2019, ¶ 4.

### ZM EQUITY PARTNERS LLC

14. ZM Equity Partners LLC, a dissolved Delaware Limited Liability Company, is filing herewith a Consent to the Notice of Removal (see, "ZM Equity's Consent" filed contemporaneously).

   a. ZM Equity's Consent confirms that ZM Equity Partners was dissolved and cancelled its limited liability certificate pursuant to Delaware Law in 2016.

   b. ZM Equity's Consent also confirms that, to the extent it may be considered a party whose citizenship is considered, ZM Equity Partners was, and at the time of the Complaint being filed and all intervening times was, a dissolved Delaware Limited Liability Company, and not a citizen of New York.

   c. ZM Equity's Consent confirms that ZM Equity Partners filed its Certificate of Cancellation on December 30, 2016 (the "Certificate"), a copy of which is Exhibit 6 to the Complaint.

   d. The Delaware Secretary of State certified that ZM Equity Partners filed the Certificate.

   e. ZM Equity's Consent confirms that under Delaware law, ZM Equity Partners, as a dissolved entity, is not subject to this suit.

CENTRE LANE PARTNERS, LLC

15. Plaintiff alleges that CLP is a Delaware limited liability company. Compl. ¶21. CLP's Consent to the Notice of Removal (see, "CLP's Consent" filed contemporaneously) to be filed herewith confirms that CLP is not, and at the time of the Complaint being filed and all intervening times was not, a citizen of New York because it is a limited liability company without any member that is a citizen of New York.

   a. CLP's Consent confirms that CLP's sole member is 10th Lane Partners, LP.

   b. CLP's Consent confirms that 10th Lane Partners, LP's general partner is Q&U Investments, LLC.

    c. CLP's Consent confirms that Q&U Investments, LLC's sole member is Morgan, a citizen and resident of the State of Florida.

    d. CLP's Consent confirms that 10th Lane Partners, LP's only limited partners are Morgan and Mapatuna, both of whom are citizens and reside in the State of Florida.

10TH LANE PARTNERS, LLC

16. Plaintiff alleges that 10th Lane Partners is a Delaware limited liability company. Compl. ¶22. 10th Lane Partners' Consent to the Notice of Removal (see, "10th Lane Partners' Consent" filed contemporaneously) to be filed herewith confirms that, to the extent it may be considered a party whose citizenship is considered, 10th Lane is not a citizen of New York because it was a limited liability company or limited liability partnership without any member or partner that is a citizen of New York.

    a. 10th Lane Partners' Consent confirms that 10th Lane Partners, LLC converted to a limited partnership in December of 2016, 10th Lane Partners, LP.

    b. 10th Lane Partners' Consent confirms that 10th Lane Partners, LP's general partner is Q&U Investments, LLC.

    c. 10th Lane Partners' Consent confirms that Q&U Investments, LLC's sole member is Morgan, a citizen and resident of the State of Florida.

    d. 10th Lane Partners' Consent confirms that 10th Lane Partners, LP's only limited partners are Morgan and Mapatuna, both of whom are citizens and reside in the State of Florida.

17. Therefore, there is complete diversity between Plaintiff and the Defendants in this action.

18. The requirement under 28 U.S.C. § 1332(a) that the amount in controversy exceeds $75,000 is also met in this case. Plaintiff asserts six different causes of action against the defendants, sounding in breach of various contractual agreements and in tortious interference, and seeks a declaratory judgment.

19. Plaintiff seeks damages "measured in millions of dollar…and pre-judgment and post-judgment interest" (Count I, Compl. ¶¶ 108-109).

20. Accordingly, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

21. Because the amount in controversy exceeds $75,000, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

22. Morgan is informed that each named defendant will be filing a Consent to the Notice of Removal, which satisfies the rule of unanimity.

## VENUE

23. This is a civil action brought in a New York state court. Morgan is informed and believes that the events allegedly giving rise to this action occurred within this judicial district. Accordingly, as the State Court Action is now pending in New York County, New York, Morgan is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Southern District of New York as it is believed that this district and division embraces the place where such State Court Action is pending.

## RESERVATION OF RIGHTS / DENIAL OF LIABILITY

24. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Morgan of any fact alleged by Plaintiff, of the validity or merits of any of Plaintiff's claims and allegations, or of any liability for the same, each and all of

which are hereby expressly denied, or as any type of express or implied waiver or limitation of Morgan's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

25. By filing this Notice of Removal, Morgan does not waive, and hereby specifically reserves, his right to assert any defenses and/or objections to which he may be qualified to assert.

26. If any question arises as to the propriety of the removal of this action, Morgan respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of his position that subject matter jurisdiction exists.

WHEREFORE, Morgan respectfully request that the above-captioned action now pending in the State Court be removed to this United States District Court for the Southern District of New York.

Dated: May 22, 2019

THOMPSON HINE LLP

_____
Rebecca Brazzano, Esq.
Curtis Tuggle, Esq.
Shaun McElhenny, Esq.
335 Madison Avenue, 12th Floor
New York, NY 10017
T: (212) 344-5680/F: (212) 344-6101
Rebecca.Brazzano@thompsonhine.com
Curtis.Tuggle@thompsonhine.com
Shaun.McElhenny@thompsonhine.com

*Attorneys for Defendant Quinn Morgan*