# Exhibit B



By ECF

May 29, 2019

Honorable William H. Pauley, III
United States District Court, Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

RE: <u>Jay Schiff v. ZM Equity Partners, LLC, et al; Docket No. 19-cv-04735-WHP</u>

Dear Judge Pauley:

This firm represents the named defendants in the above-referenced action, and write pursuant to Your Honor's Individual Rule III.A.i. to request a pre-motion conference to obtain leave to file a Motion to Dismiss the Complaint in this action pursuant to Rule 12(b)(1) for lack of standing and Rule 12(b)(6) for failure to state a claim. Exhibit A is offered for the Court's ease of reference of claims as to the various entities and defendants.

**ZM Equity Partners** Plaintiff asserts three Causes of Action against ZM Equity Partners, LLC ("ZM Equity"): breach of his Employment Agreement (Count I), tortious interference with the Restated Limited Liability Company Agreement of 10th Lane Finance, LLC (the "LLC Agreement") (Count IV), and declaratory judgment concerning a Confidentiality Agreement between Plaintiff and ZM Equity (Count V). While each of these claims fail as set out below (*see* Counts I, IV, and V, *infra*), any claim against ZM Equity fails because ZM Equity was "formally dissolved on or about December 13, 2016." *See* Compl. ¶30; The Complaint also annexed ZM Equity's Certificate of Cancellation, filed with the Delaware Secretary of State on December 30, 2016. Ex. 6 to Compl. Under Delaware law, an LLC cannot be sued after cancelation of its certificate. 6 Del C. § 18-803. ZM Equity is thus not subject to suit and the claims as against it are barred. In addition, as against 10th Lane Partners, LLC ("10th Lane LLC"), Plaintiff alleges causes of action for breach of the LLC Agreement (Count II) and tortious interference with his ZM Employment Agreement (Count III). As reflected in an SEC filing, 10th Lane LLC converted to a limited liability partnership in 2016. The entity is not, therefore, properly denominated in the Complaint.

**Count I** Plaintiff's claims that ZM Equity, and its alleged alter ego Centre Lane Partners, LLC ("CLP") committed breaches of the Employment Agreement fail for lack of a viable defendant. First, as detailed above, ZM Equity is not subject to suit. Moreover, Plaintiff fails to allege facts sufficient to impose alter ego liability on CLP for ZM Equity's alleged breaches. To establish alter ego liability, Plaintiff must show that (1) CLP exercised complete domination over ZM with respect to the "transaction at issue," and (2) such domination was used to commit a fraud or wrong against the Plaintiff other than the underlying cause of action. *See, e.g. Mirage Entm't, Inc. v. FEG Entretenimientos S.A.*, 326 F. Supp. 3d 26, 34 (S.D.N.Y. 2018). Plaintiff must allege that CLP's misuse of ZM Equity's corporate form was used to commit fraud or other abuse. There are



Honorable William H. Pauley, III
May 29, 2019
Page 2

no such allegations here, only that "ZM Equity and Centre Lane" committed the breaches (*see* Compl. ¶¶ 101, 104, 106).

Plaintiff's alternative theory that CLP is liable as the "successor entity" to ZM Equity is contradicted by his own pleading. Exhibit 6 and Exhibit 10 to Plaintiff's complaint confirm that Plaintiff knows that 10th Lane Partners, LP – not CLP - was the successor to ZM Equity. As such, Plaintiff's "verified" allegation that CLP is the successor entity is demonstrably false.

**Count II**   Plaintiff alleges that 10th Lane LLC committed breach of the LLC Agreement by taking certain actions that reduced Plaintiff's compensation. This claim fails because it asserts derivative claims subject to specific demand requirements which must be met (and pled). Specifically, Plaintiff alleges that 10th Lane LLC breached the LLC agreement by delaying the sale of the company's assets and doing so at a reduced price as a result of self-dealing (*see* Compl. ¶ 118(a)-(e)). He claims he was harmed proportionately by "the decreased value of his investment." Where, as here, a plaintiff alleges financial harm through wrongful depletion of the company's value, the injury is derivative in nature. *See El Paso Pipeline GP Co., L.L.C. v. Brinckerhoff*, 152 A.3d 1248, 1260-61 (Del. 2016). This fact triggers demand requirements under Delaware law that are conditions precedent to asserting damage claims. He must either (1) make a pre-suit demand on the company to investigate and pursue the claim, or (2) allege with particularity that such a demand would be futile due to conflicts of interest. *See* 6 Del. C. § 18-1001; 6 Del. C. § 18-100; Chancery Rule 23.1(b)(3). Where, as here, Plaintiff did neither, the claim must be dismissed as the LLC Agreement is governed by Delaware law. Compl. ¶ 27.

**Counts III and IV**     In his third and fourth counts, Plaintiff claims that Quinn Morgan, in his individual capacity ("Morgan") and 10th Lane LLC tortiously interfered with his Employment Agreement, and that ZM Equity, CLP, and Morgan interfered with the LLC Agreement. In addition to the other defects (s detailed above, no claims can lie against ZM Equity, as it no longer exists; and CLP is not liable on an alter ego theory because it is not the successor to ZM Equity) claims for tortious interference do not lie as against Morgan or ZM Equity as such claims must be based on a non-party "stranger" improperly interfering with a contract between two contracting parties; it cannot be based on the actions of a director or officer in his official capacity.

First, Morgan is not a stranger to either contract. The Employment Agreement was "executed on behalf of ZM Equity by…Quinn Morgan." (Compl. ¶ 32). Likewise, Morgan was a member of and signatory to the LLC Agreement.[1] As a corporate signatory to the Employment Agreement and a party to the LLC Agreement, Plaintiff's Count III and Count IV against Morgan fail as a matter of law.

Likewise, the Complaint confirms that ZM Equity was not a "stranger" to the LLC Agreement. Plaintiff alleges that certain members of the LLC, "ZM Fund Investors" are  "managed by Defendant ZM Equity." Compl. ¶ 39.

---

[1] Plaintiff alleges that the Exhibit A to the LLC Agreement identifies the parties thereto (Ex. 3 at 1, Preamble)." Compl. ¶ 41. Exhibit A to the LLC Agreement confirms that Morgan is a Member, and therefore a party to the LLC Agreement.



Honorable William H. Pauley, III
May 29, 2019
Page 3

**Count V**   Plaintiff seeks to use a declaratory judgment to rewrite the Confidentiality Agreement he signed in 2009.  The provision which Plaintiff wants stricken is an integral part of an employment agreement for which Plaintiff received full consideration.  The promise of confidentiality he made in exchange for that consideration is not anti-competitive.  It is simply a provision that protects against the disclosure of the confidential information of ZM Equity and its affiliates, including managed funds, to protect their trade secrets.  Plaintiff was content for the clause to apply to him and others when he ran ZM Equity.  But Plaintiff now complains that, after his voluntary resignation in 2015, it is more difficult for him to get a new job unless he is able to breach this provision and disclose ZM Equity's confidential information. He makes that claim despite his specific agreement that he "*will not assert, and it should not be considered, that any provisions of this Agreement prevented the Employee from earning a living*."  There is no legal basis for the rewrite he seeks and, therefore, the claim fails as a matter of law.

**Count VI**   Plaintiff's final claim, asserted against CLP, is styled as seeking a Declaratory Judgment Regarding Alter Ego and/or Successor Liability.  Such a claim is not cognizable under either New York or Delaware law.

For all of the foregoing reasons, Defendants respectfully request that they be permitted to file their Motions to Dismiss Plaintiff's Complaint.

Respectfully submitted,

Rebecca Brazzano

cc:   *Plaintiff's Counsel*
      Vitali S. Rosenfeld, Esq.
      Jonathan Mazer, Esq.

**EXHIBIT A**

|  |  | Against ZM Equity | Against Centre Lane | Against 10th Lane | Against Q. Morgan |
|---|---|---|---|---|---|
| Count I | Breach of Employment Agreement and its Covenant of Good Faith and Fair Dealing | ZM Equity | Centre Lane |  |  |
| Count II | Breach of the LLC Agreement and its Covenant of Good Faith and Fair Dealing |  |  | 10th Lane |  |
| Count III | Tortious Interference with the Employment Agreement |  |  | 10th Lane | Quinn Morgan |
| Count IV | Tortious Interference with the LLC Agreement | ZM Equity | Centre Lane |  | Quinn Morgan |
| Count V | Declaratory Judgment Regarding the Confidentiality Agreement | ZM Equity | Centre Lane |  |  |
| Count VI | Declaratory Judgment Regarding Alter Ego and/or Successor Liability |  | Centre Lane |  |  |